HOBSON, Chief Judge.
Appellee Williams was charged with carrying a concealed firearm in violation of § 790.01(2), Florida Statutes, F.S.A., as amended by Ch. 69-306, § 2, 1969 Laws of Florida. Williams filed a motion to dismiss the information filed against him in the Circuit Court of Pinellas County maintaining that the court was without jurisdiction to try the offense charged by virtue of §§ 790.03 and 790.04, Florida Statutes, F.S. A. The motion was granted and this appeal by the State followed.
Under the provisions of Art. V, § 6(3), of the 1968 Constitution, F.S.A. the several circuit courts of the state are vested with criminal jurisdiction in “cases not cognizable by subordinate courts.” Pursuant to Art. V, § 1 of the 1885 Constitution, *141 [1] the legislature established in Pinellas County a Civil and Criminal Court of Record which has “criminal jurisdiction to try and determine all violations of the criminal laws of the state constituting misdemeanors, which arise in Pinellas County.” Section 2(4), Ch. 65-720, 1965 Laws of Florida. Although the name of the Civil and Criminal Court of Record is confusingly similar to that of the Criminal Courts of Record established in several counties by Art. V, § 9, it is not a bona fide Criminal Court of Record and therefore does not have the non-capital felony jurisdiction afforded the Criminal Courts of Record under the 1968 Constitution. Inasmuch as the offense charged in this case is a felony, jurisdiction must rest with the Circuit Court of Pinellas County unless there exists some other constitutionally valid limitation on its felony jurisdiction.
Section 790.03, Florida Statutes, F.S.A., provides that grand juries may return indictments and the state attorneys may file informations in their respective circuit courts against persons secretly carrying pistols, razors, and other deadly weapons. Because all such activity was, prior to the 1969 amendments of Ch. 790, Florida Statutes, F.S.A., a misdemeanor and therefore generally not triable in the circuit courts, § 790.04 directs the clerks of the circuit courts to transfer such cases to inferior courts with misdemeanor jurisdiction. While such a scheme was perfectly rational and valid as long as the crimes mentioned were misdemeanors, the 1969 amendment to Ch. 790, making carrying a concealed firearm a felony, has made transfer of concealed firearm cases to inferior courts unnecessary and in some cases impossible, i. e. where the lower courts have no felony jurisdiction as in Pinellas County.
We hold that insofar as §§ 790.03 and 790.04, Florida Statutes, F.S.A., deal with acts which are now felonies, the directory provisions of 790.04 are a nullity. The circuit court has jurisdiction over the offense charged. See State v. Morgan, 237 So.2d 301 (Fla.App.1970).
Reversed and remanded.
LILES and MANN, JJ., concur.

. Article V of tlie 1885 Constitution was adopted in totidem verbis by the 1968 Constitution.