PIERCE, Judge.
The State of Florida appeals from an order entered by the Pinellas County Circuit Court granting a motion to dismiss a criminal information.
On February 19, 1970, information was filed in said Circuit Court charging appel-lee Charles L. Hardy with having, on January 9, 1970, carried on his person “a concealed firearm, to-wit: a gun”. The local Public Defender, appointed to represent Hardy, filed motion to dismiss the information, contending that the Circuit Court was without jurisdiction to try the offense charged, citing in support thereof F.S. § 790.04, F.S.A. On March 13, 1970, the Court entered order granting the motion to dismiss, which is the order the State has appealed to this Court.
Prior to October 1, 1969, it was a misdemeanor punishable by a County jail sentence of a few months or a relatively light fine for any person to “carry arms * * * concealed on or about his person * * F.S. section 790.01, F.S.A. But the 1969 legislature, by Ch. 69-306, completely “reworked” the entire original Chapter 790 dealing with “Weapons and Firearms”. Ch. 69-306, among numerous other changes, added a new section which inter alia differentiated between a “concealed firearm” and a “concealed weapon”, defining specifically the category of each. And original F.S. section 790.01, F.S.A., was amended to provide prosecution of anyone carrying “a concealed weapon” as for a misdemeanor, but for prosecution of any person carrying “a concealed firearm” as for a felony, with prescribed different penalties accordingly. This 1969 amendatory act as before indicated, became effective by its terms on October 1, 1969.
The information in the case sub judice charged that appellee Hardy, on January 9, 1970, “did then and there carry on or about his person a concealed firearm, to-wit: a gun”. At the time of the alleged commission of the offense, the 1969 Act aforesaid had already taken effect, and therefore the offense charged was, under the 1969 Act, a felony.
In 1965 the Legislature, by Ch. 65-720 established the statutory Court known as the “Civil and Criminal Court of Record of Pinellas County”. The Court was given limited criminal jurisdiction “to try and determine all violations of the criminal laws of the state constituting misdemeanors, which arise in Pinellas County”. Section 2(4), Ch. 65-720. Thus that Court lacks jurisdiction to try the instant case, which charges a felony.
Art. V, § 6, Constitution of Florida, F. S.A., provides that “The Circuit Courts shall have exclusive original jurisdiction * * * in all criminal cases not cognizable by subordinate courts”. There being no subordinate Courts in Pinellas County exercising criminal jurisdiction to try felony cases, it follows necessarily that the Circuit Court of that County has exclusive jurisdiction to try a felony alleged to have been committed in that County. This being true, the order of the Circuit Court granting the motion of Hardy to dismiss the information against him charging a felony, because the Court was “without jurisdiction to try the offense”, was error. Accordingly the order appealed from must be and is—
*281 Reversed, for appropriate proceedings in the trial Court not inconsistent herewith. (Accord: State of Florida v. Emanuel M. Williams, Fla.App., 238 So.2d 140, opinion filed July 22, 1970.)
HOBSON, C. J., and McNULTY, J., concur.